UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HOOPESTON FOODS, INC.,           )
                                 )
           Plaintiff,            )
                                 )
v.                               )   No.  05-2074
                                 )
THE CITY OF HOOPESTON,           )
ROBERT AULT and CHALMERS FLINT,  )
                                 )
           Defendants.           )

ORDER

Plaintiff Hoopeston Foods, Inc. ("HFI") is a food processing company with a plant located in Hoopeston, Illinois.  HFI alleges it entered into an agreement with the City of Hoopeston for the treatment of wastewater discharged from its plant.  HFI has filed a five-count complaint against defendants the City of Hoopeston, Robert Ault, and Chalmers Flint (collectively, "the City").[1]  The complaint alleges state law claims pertaining to a breach of the wastewater contract.  HFI asserts that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

On April 25, 2005, the City filed a motion to dismiss HFI's complaint pursuant to Fed. R. Civ. P. 12(b)(1).[2]  On June 30, 2005, the court granted Ault and Flint's motions to adopt co-defendant City of Hoopeston's motion to dismiss.  The defendants argue that diversity of citizenship is lacking.

For the following reasons, the motion to dismiss [#9] is denied.

ANALYSIS

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"  28. U.S.C. § 1332(a)(1).

"An allegation of citizenship proper in form and not contested establishes a party's citizenship for purposes of diversity jurisdiction."  *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) (*citing Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir. 1985)).  "Where jurisdiction is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent

---

[1] Robert Ault was the mayor of Hoopeston and Chalmers Flint was the City Clerk when the contract was formed. Flint is now the City's mayor.
[2] A motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1) challenges the court's "jurisdiction over the subject matter[.]"

proof, which means 'proof to a reasonable probability that jurisdiction exists.'" *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) (internal citations omitted).

The plaintiff's allegation that the amount in controversy exceeds $75,000 is uncontested and is accepted by the court for the purpose of diversity jurisdiction. *See Target Mkt. Publ'g, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1141-42 (7th Cir. 1998). HFI alleges that it is a Delaware corporation, the City of Hoopeston is an Illinois municipal corporation, and that Ault and Flint are residents (and presumably citizens, since they were elected officials) of Hoopeston, Illinois. Because the defendants do not contest these allegations they are accepted by the court for purposes of diversity jurisdiction. *See Wisconsin Knife Works,* 781 F.2d at 1282. The sole issue raised in the motion to dismiss is the citizenship of HFI based on its principal place of business. The City argues that the parties are not diverse because HFI's principal place of business is in Illinois. HFI contends that its principal place of business is in Minnesota, not Illinois.

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where is has its principal place of business[.]" 28 U.S.C. § 1332(c)(1) (emphasis added). The Seventh Circuit has interpreted "principal place of business" to mean the location where a corporation has its "nerve center." *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Buethe v. Britt Airlines, Inc.*, 787 F.2d 1194, 1196 (7th Cir. 1986); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Under the "nerve center" approach, the court must look for the "corporation's brain, and [will] ordinarily find it where the corporation has its headquarters." *Wisconsin Knife Works*, 781 F.2d at 1282. "[A] corporation has a single principal place of business where its executive headquarters are located." *Metropolitan,* 929 F.2d at 1223.

In support of its assertion of Minnesota citizenship, HFI argues that the company records are maintained and most sales are made at the corporate office in Bloomington, Minnesota. The corporation's financial matters, such as payroll and payable checks, are managed in Minnesota. Their website, insurance policies, tax returns, business cards, Illinois business registration, Vermillion County tax bill, and industrial directories show that HFI holds itself out to the world as a corporation headquartered in Bloomington, Minnesota. Corey Hoerning, HFI's senior vice president, CFO, and CAO, has filed an affidavit stating that HFI from its inception has maintained its corporate headquarters at Two Appletree Square, Suite 242, Bloomington, Minnesota.

The defendants argue that nearly all discussions between the City and HFI regarding wastewater treatment took place in Illinois with HFI employees and agents who lived and worked in the Hoopeston area. In essence, they argue that because HFI negotiated a contract through its Illinois employees, its principal place of business must be located in Illinois. The court finds the defendants' argument unconvincing. A corporation can do business in multiple states, but they "have one 'principal' place of business for purposes of 28 U.S.C. § 1332(c)(1)." *Metropolitan*, 929 F.2d at 1223.

HFI also points to the location of its executive employees to further support a finding that its principal place of business is in Minnesota. Five of the six full-time executive and corporate

administrative employees work out of the Bloomington, Minnesota headquarters. The sixth full-time executive employee lives in Danville, Illinois, and works out of HFI facilities in Hoopeston, Illinois, and Denver, Colorado. HFI's CEO performs part-time duties including contract negotiations and long range planning from Racine, Wisconsin. HFI's president lives and works in Illinois, where he performs part-time duties, including the management of the company's legal affairs and long range planning. With five of the company's six full-time executive and corporate administrative employees working in the Minnesota office, it is reasonable to conclude that most executive level decisions are made in Minnesota.

The defendants argue that City officials were advised that HFI was headquartered in or near Chicago, Illinois. They note that HFI's president/secretary lives and works in Deerfield, Illinois. The defendants seem to contend that the president is the "nerve center" of HFI. This contention is without merit; the president is one person who works part-time in Illinois. Even if the "nerve center" were determined by the location of a corporation's highest ranking officer rather than the location of its headquarters, HFI and the defendants would still be completely diverse. The president reports to HFI's CEO, who works and resides in Wisconsin.

HFI has provided "competent proof" to establish with "reasonable probability" that its principal place of business is in Minnesota, not Illinois. *See Middle Tenn. News*, 250 F.3d at 1081. Because the parties are citizens of different states and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [#9] is denied in its entirety. The defendants shall answer the plaintiff's complaint within fourteen (14) days of the date of this order.

Entered this __4th____ day of August, 2005.

**s\Harold A. Baker**
_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE